UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RANDY OUTLEY (#1250222)  CIVIL ACTION

VERSUS  NO. 17-1782-SDD-EWD

JANE BATISTE, ET AL.

## RULING AND ORDER

Before the Court is a Partial Motion to Dismiss ("Motion") filed by Defendants, Jane Batiste ("Batiste") and Channle Veals ("Veals"), pursuant to Fed. R. Civ. P. art. 12(b)(6). The Motion seeks dismissal of the compensatory damage claims asserted by Plaintiff, Randy Outley.[1] The Motion is opposed.[2] As Plaintiff fails to allege a physical injury, the Motion is granted.

### I. Factual Background

*Pro se* Plaintiff, Randy Outley, ("Plaintiff"), an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Batiste and Veals (collectively "Defendants").[3] Plaintiff alleges that on April 21, 2017, he and another inmate, a "tier walker," got into an argument and the tier walker kicked Plaintiff through the bars of the cell dividing them.[4] Plaintiff was written up for property destruction and placed on mental health watch.[5] Later that day, Plaintiff alleges that his cell door was opened by Batiste while Plaintiff was in full restraints and while the tier walker was walking on Plaintiff's "tier."[6] Plaintiff states when he exited his cell, still in full restraints, the tier walker began to beat Plaintiff.

---

[1] R. Doc. 9.
[2] R. Doc. 12.
[3] R. Doc. 1.
[4] R. Doc. 1, p. 4.
[5] R. Doc. 1, p. 4. It is unclear why Plaintiff was placed on mental health watch.
[6] R. Docs. 1 & 1-2.

Veals allegedly backed up and allowed this to occur until a senior officer, Major Bellamy, stopped the conflict.[7] Plaintiff claims Batiste knew Plaintiff and the tier walker had just had a conflict because "she had just seen us kicking at each other."[8]

Plaintiff is suing for "gross negligence" and "failure to protect."[9] Regarding relief sought, Plaintiff requests that the Court "make them pay [Plaintiff] for the beating [he] took." Plaintiff also alleges that Batiste and Veals put his life in danger and that a security procedure was broken.[10] He seeks to recover $10,000 against Defendants in their individual capacities as compensatory damages,[11] however, Plaintiff does not specifically allege that he sustained any physical injuries as a result of this incident.

## II. Applicable Law and Analysis

### A. Standard on Motion to Dismiss

In *Bell Atlantic Corp. v. Twombly*,[12] and *Ashcroft v. Iqbal*,[13] the Supreme Court clarified the standard of pleading that a plaintiff must meet to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[14] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."[16] Further, "[a] document

---

[7] R. Doc. 1-2, p. 1.
[8] *Id. See also*, R. Doc. 12-1, p. 1.
[9] R. Doc. 1-2, p. 1.
[10] R. Doc. 1, p. 5.
[11] R. Doc. 1-2, p. 1.
[12] 550 U.S. 544 (2007)
[13] 556 U.S. 662 (2009).
[14] *Bell Atlantic Corp. v. Twombly, supra*, at 555.
[15] *Ashcroft v. Iqbal, supra*, at 678, *quoting Bell Atlantic Corp. v. Twombly, supra*.
[16] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

2

filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[17] The federal pleading rules simply require a "short and plain statement of the claim showing that the pleader is entitled to relief."[18] The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.[19]

### B. Failure to Allege Physical Injury Bars Compensatory Damages

Defendants argue that Plaintiff is not entitled to compensatory damages because he has not sufficiently alleged a physical injury. 42 U.S.C. § 1997e(e) states: "Limitation on recovery. No Federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury." It is well-settled in this Circuit that, in the absence of physical injury, a plaintiff is precluded from recovering compensatory damages.[20]

Here, although Plaintiff alleges he was beaten by the tier walker, he does not allege that he sustained any physical injury.[21] Further, Plaintiff does not argue in his opposition to the Partial Motion to Dismiss that he sustained any injuries. Rather, he is adamant that he can recover "even if [he] has no physical injury."[22] While Plaintiff may be able to recover nominal or punitive damages if he is able to establish that Defendants committed a constitutional violation that merits such recovery,[23] Plaintiff is precluded from the recovery of compensatory damages because he has

---

[17] *Id.* (citation omitted).
[18] Fed. R. Civ. P. 8(a)(2).
[19] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).
[20] *See, Hutchins v. McDaniels*, 512 F.3d 193, 196 (5th Cir. 2007) *citing Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).
[21] Merely alleging a beating is not sufficient. *See, e.g., Pena v. Pena*, No. 03-20097, 77 Fed.Appx. 730, at *1 (5th Cir. 2003) (affirming dismissal of plaintiff's §1983 action alleging he was improperly beaten while incarcerated for failing to offer any evidence or allegation of injury).
[22] R. Doc. 12, p. 3.
[23] *Hutchins*, 512 F.3d at 197-98 (collecting cases). To recover nominal or punitive damages, Plaintiff must establish a violation of his constitutional rights. Additionally, in order to recover punitive damages, Plaintiff would be required to establish that Defendants violated his constitutional rights with "evil intent" or "callous indifference." *See Allen v. Stadler*, 201 F.Appx. 276 (5th. Cir. 2006) *citing Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th. Cir. 2003). Plaintiff has not specifically sought punitive damages in this case, but he does allege that Defendant Veals stood by

not made any allegation of physical injury in this case.[24]

Accordingly,

**IT IS HEREBY ORDERED** that the Partial Motion to Dismiss[25] is **GRANTED** and the claims of Plaintiff, Randy Outley, for compensatory damages against defendants, Jane Batiste and Channle Veals, are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that this matter is referred to the magistrate judge for further proceedings.

3/13/2019  Baton Rouge LA.

HONORABLE SHELLY D. DICK
CHIEF UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

and allowed the beating to happen and that Defendant Batiste was aware Plaintiff had a conflict with the tier walker earlier in the day. R. Doc. 1-2, p. 1.

[24] *Hale v. Vannoy*, Civ. Action No. 16-355, 2016 WL 7650670, at *2 (M.D. La. Dec. 16, 2016), *report adopted, Hale v. Vannoy*, Civ. Action No. 16-355, 2017 WL 62650 (M.D. La. Jan. 5, 2017)("[T]he plaintiff is not entitled to the recovery of compensatory damages in this case because he has not alleged a physical injury sufficient to support such recovery."). *See also Hutchins*, 512 F.3d at 198.

[25] R. Doc. 9.