UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RANDY OUTLEY (#125022)                                    CIVIL ACTION NO.

VERSUS                                                                    17-1782-EWD

JANE BATISTE, ET AL.                                          CONSENT

### RULING AND ORDER[1]

On November 10, 2020, the Court held a pre-trial conference in this case. Based upon review of the record, Randy Outley ("Plaintiff"), who is representing himself and is confined at the Elayn Hunt Correctional Center in St. Gabriel Louisiana, was advised that he had never alleged or produced evidence of any injury as a result of the alleged failure to protect of Defendants Jane Batiste and Channle Veals ("Defendants") that forms the basis of this suit. At the conference, the Plaintiff was instructed to, if possible, respond to the noted deficiency by filing with the Court any evidence that may indicate that he suffered more than a *de minimis* injury as a result of the alleged failure to protect. The Court warned Plaintiff that if he was unable to show he suffered more than a *de minimis* injury, his claims would be dismissed.[2] Although Plaintiff has responded to the Court's directives in the form of a "Motion Not to Dismiss;"[3] Plaintiff has failed to produce evidence to show that he suffered more than *de minimis* injuries as a result of the alleged failure to protect. Accordingly, summary judgment is appropriate and Plaintiff's claims against Defendants will be dismissed with prejudice.

---

[1] The parties consented to proceeding before the magistrate judge pursuant to 28 U.S.C. § 636(c) and an Order of Reference was issued. *See* R. Docs. 65, 66, & 71.
[2] R. Doc. 65.
[3] R. Doc. 70.

## I.    Background

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging "gross negligence" and "failure to protect" on the part of Defendants.[4]  Plaintiff alleges that on April 21, 2017, he and another inmate, a "tier walker," later identified as Exalton Guidry ("Guidry"),[5] got into an argument and Guidry kicked Plaintiff through the bars of the cell dividing them.[6]  Plaintiff was written up for property destruction and placed on mental health watch.[7]  Later that day, Plaintiff alleges that his cell door was opened by Batiste while Plaintiff was in full restraints and while Guidry was walking on Plaintiff's "tier."[8]  Plaintiff states that when he exited his cell, still in full restraints, Guidry began to beat Plaintiff.  Veals allegedly backed up and allowed this to occur until a senior officer, Major Bellamy, stopped the conflict.[9]  Plaintiff claims Batiste knew Plaintiff and Guidry had just had a conflict because "she had just seen us kicking at each other."[10]

Defendants previously filed a motion for summary judgment seeking dismissal of Plaintiff's claims due to Plaintiff's failure to exhaust administrative remedies or, alternatively, on the basis of qualified immunity since Defendants had no knowledge of any threat posed by Guidry to Plaintiff.[11]  The Court denied that motion because Plaintiff had sufficiently exhausted administrative remedies and because there existed a genuine dispute regarding the fundamental question of what knowledge Veals and Batiste possessed regarding the relationship between Guidry and Plaintiff prior to opening Plaintiff's cell door and escorting Plaintiff through the tier

---

[4] R. Docs. 1 & 1-2, p. 1. Plaintiff sued Defendants only in their individual capacities. *See* R. Doc. 1-2. The Court previously dismissed Plaintiff's compensatory damages claim for failure to allege a physical injury. *See* R. Doc. 33. That Ruling and Order did not foreclose recovery of nominal or punitive damages. *Id.* at n. 23.
[5] R. Docs. 21-6; 21-7; 24-3, p. 6.
[6] R. Doc. 1, p. 4.
[7] R. Doc. 1, p. 4. It is unclear why Plaintiff was placed on mental health watch.
[8] R. Docs. 1 & 1-2.
[9] R. Doc. 1-2, p. 1.
[10] *Id. See also*, R. Doc. 12-1, p. 1.
[11] R. Doc. 21.

2

while Guidry was present.[12] The Court now considers whether summary judgment is appropriate for other reasons on its own motion.

## II. Law & Analysis

### A. Standard of Review

A court may consider summary judgment on a motion brought by a party, or *sua sponte* independent of a motion.[13] In order to consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute, the court must first give the parties, "notice and a reasonable time to respond."[14] A district court possesses the power to enter summary judgement *sua sponte*, "so long as the losing party [is] on notice that she ha[s] to come forward with all of her evidence."[15] Adequate notice need not contain the phrase "summary judgment" or explicitly reference Federal Rule of Civil Procedure 56 to be considered sufficient.[16] This Court provided Plaintiff with notice that his suit would be dismissed if he failed to provide evidence that he sustained more than a *de minimis* injuries as a result of the alleged failure to protect that forms the basis of this suit, and gave Plaintiff a specific time period in which to provide any evidence.[17]

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, such that the moving party is entitled to judgment as a matter of law.[18] Summary judgment must be entered against a party who fails to make a showing sufficient to establish the

---

[12] R. Docs. 34 & 35.
[13] *Compare* Fed. R. Civ. P. 56(a) (permitting a party to move for summary judgment on each claim or defense), *with* Fed. R. Civ. P. 56(f)(3) (permitting a court to, "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute").
[14] Fed. R. Civ. P. 56(f).
[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, (1986).
[16] *Nat'l Cas. Co. v. Kiva Const. & Engineering, Inc.*, 496 Fed.App'x 446, 452 (5th Cir. 2012), *citing Scott v. Mississippi Dep't of Corr.*, 961 F.2d 77, 79 (5th Cir. 1992).
[17] R. Doc. 65.
[18] Fed. R. Civ. P. 56. *See also, Celotex Corp.,* 477 U.S. at 322; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[19] In resolving a motion for summary judgment, the court may not evaluate the credibility of witnesses, weigh the evidence, or resolve material factual disputes.[20] However, only competent summary judgment evidence can be considered.[21]

### B. Failure to Protect

Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence from other inmates.[22] Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates."[23] However, a showing of some injury is required to establish a failure to protect claim. Because Plaintiff has not provided competent summary judgment evidence to establish any injury and because, even if other information in the record is considered, any injuries are not more than *de minimis*, Plaintiff's failure to protect claim must be dismissed.

### 1. There is no competent summary judgment evidence to establish any injury

Numerous cases have addressed whether injury is required to demonstrate a constitutional violation in the context of a failure to protect claim and have concluded that the dismissal of an inmate's failure to protect claim is warranted, even as frivolous, where no harm or injury has in fact occurred as a result of the defendants' actions.[24] Here, the only competent summary judgment

---

[19] *Celotex Corp.*, 477 U.S. at 323.
[20] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).
[21] *See*, Fed. R. Civ. Proc. 5(c), which requires an assertion to be supported by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admission, interrogatory answers, or other materials"). *See also, Smith v. Palafox*, 728 Fed. App'x 270, 275-76 (5th Cir. 2018) (upholding exclusion of unsworn expert reports submitted in opposition to summary judgment because "evidence proffered in opposition to summary judgment must be sworn or declared under penalty of perjury ….").
[22] *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986).
[23] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
[24] *Alexander v. Morgan*, No.17-313, 2018 WL 1734633, at *3 (M.D. La. March 27, 2018), *report and recommendation adopted*, *Alexander v. Morgan*, No. 17-313, 2018 WL 1735048 (M.D. La. April 10, 2018). *See also Walzier v. McMullen*, 333 Fed.App'x. 848, 851 (5th Cir. 2009) (upholding summary judgment in favor of the defendants where there was no proof of harm to the plaintiff from co-inmates and, "[a]bsent a showing that other inmates harmed [the

4

evidence in the record indicates that Plaintiff was examined after the encounter with Guidry, and, at this examination, Plaintiff voiced no complaints, showed no signs of trauma, and was in no apparent distress.[25]  Because the only competent evidence in the record shows that Plaintiff did not suffer any injuries as a result of the alleged attack occurring on April 21, 2017, he cannot prevail on his claim for failure to protect as a matter of law.[26]

### 2. Even if other information were considered, Plaintiff has not established more than *de minimis* injuries

Plaintiff has stated in other documents before the Court that do not constitute competent summary judgment evidence that he suffered only general soreness and pain as a result of the incident.[27]  However, even if these statements are considered, damages are not available to a plaintiff for a failure to protect claim if he has suffered no more than a *de minimis* injury.[28]  In other words, a showing of more than a *de minimis* injury is required to prove a constitutional

---

plaintiff], there is no factual basis for a failure to protect claim"); *Castellano v. Treon*, 79 F.App'x. 6, 7 (5th Cir. 2003) (upholding the dismissal of an inmate's failure-to-protect claim as frivolous where the plaintiff conceded that "he suffered no actual physical injury resulting from the prison officials' purported failure to protect"); *Wilson v. King*, 2015 WL 1427479, at *6 (S.D. Miss. Mar. 27, 2015) (dismissal as frivolous where the inmate plaintiff "admit[ted] that he suffered no physical injury").

[25] R. Doc. 49-11 (Plaintiff's medical records), p. 39.  In fact, Plaintiff repeatedly refers to his belief that the applicable legal standard does not require a showing of physical injury.  *See e.g.*, R. Doc. 11, p. 1 ("Most courts have decided constitutional violations are in different categorys [sic].  And for that reason you can get compensatory damages even if you have no physical injury."); R. Doc. 12, p. 1 (Same).

[26] *See Spivey v. Wilson*, No. 17-94, 2019 WL 5095629, at *9 (E.D. Tex. Sept. 27, 2019) (granting summary judgment for defendants and dismissing a plaintiff's claims of failure to protect when in the days following the incident the plaintiff did not complaint of injuries in his sick calls or conversations with medical personnel).  Recovery of any damages, including nominal or punitive, requires the showing of a constitutional violation.  In order to establish a constitutional violation for failure to protect, Plaintiff must suffer more than de minimis injury. *See Alexander*, 2018 WL 1734633, at *3.  Because the record evidence that Plaintiff did not sustain any injury is uncontradicted, Plaintiff cannot recover any damages for this failure to protect claim, including nominal or punitive damages.

[27] R. Doc. 24-2, p. 2 ("The tier walker hit me with body punches.  I ducked into him so he couldn't hit me in the face a boxing move.  I told the EMT the same.  I'm glad I didn't have to go to the hospital.  I was just was sore in the body."). *See also*, R. Doc. 70 ("I suffered the pain of that beating in full restraints.  PAIN.").

[28] *Ruiz v. Price*, 84 Fed.App'x. 393, 395 (5th Cir. 2003) ("Ruiz cannot receive damages as relief against these defendants because he did not allege more-than-de-minimis injury.").  *See Gilliam v. McMillin*, No. 09-99, 2012 WL 845185, at *2 (S.D. Miss. Mar. 12, 2012) ("vague statement as to injury is insufficient to surmount the *de minimis* hurdle"); *Burns v. Morgan*, No. 05-4222, 2006 WL 237018, at *4 (S.D. Tex. Jan. 30, 2006) (head, neck, and shoulder pain treated with ice pack and ibuprofen was not more than *de minimis* injury). *See also Herron v. Patrolman No. 1*, 111 Fed.Appx. 710, 713 (5th Cir. 2004) (a temporary increase in pain is insufficient to surpass the *de minimis* threshold).

violation based on failure to protect.[29]  Though there is no bright line for what amounts to more than a *de minimis* injury, courts have taken a "common-sense" approach to determining whether an injury is *de minimis*.[30]  Generally, "scrapes, scratches, cuts, abrasions, bruises, pulled muscles, back aches, leg aches, etc." do not pass the *de minimis* threshold.[31]  Similarly, a sore, bruised ear lasting for three days is *de minimis*.[32]

General soreness and pain, as alleged by Plaintiff, is clearly *de minimis*.[33]  An injury that passes the *de minimis* threshold must be the kind of physical injury that is "an observable or diagnosable medical condition requiring treatment by a medical care professional.  It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks."[34]  "Injuries treatable at home and with over-the-counter drugs, heating pads, rest, etc." are not more than *de minimis*, so as to permit recovery of damages for a failure to protect claim.[35]  Here, the medical records produced do not indicate Plaintiff was injured at all, but even if this Court were to consider Plaintiff's statements regarding general pain and soreness, Plaintiff has not provided evidence to show he suffered more than *de minimis* injuries from the alleged failure to protect.[36]

---

[29] *See Spivey,* 2019 WL 5095629, at *9 ("A prisoner claiming a constitutional violation for failure to protect must also show more than a *de minimis* injury."); *Carter v. Prator*, No. 12-1233, 2013 WL 3894134 (W.D. La. July 26, 2013) ("the Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition de minimis physical injury."); *Walzier*, 333 Fed.App'x. at 851 ("[a]bsent a showing that other inmate harmed [plaintiff], there is no factual basis for a failure to protect claim."); *Simmonds v. Laughlin*, No. 04-1015, 2006 WL 581272, at *2 (S.D. Tex. March 7, 2006) ("Such Eighth Amendment claims are not actionable unless there is a showing of physical injury resulting from the allegedly unconstitutional conduct.").

[30] *Luong v. Hatt*, 979 F.Supp. 481, 486 (N.D. Tex. Sept. 11, 1997).

[31] *Id.*

[32] *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

[33] *See Luong*, 979 F.Supp. at 486 (scrapes, scratches, bruises, and aches are suffered by free world people in everyday living and do not rise to a level sufficient to pass the *de minimis* threshold).

[34] *Id.*

[35] *Id.*

[36] Plaintiff cites *Hudson v. McMillian*, 530 U.S. 1 (1992) and *McLaurin v. Prater*, 30 F.3d 982 (8th Cir. 1994) for the proposition that a showing of injury is not required for a claim under the Eighth Amendment.  These cases are distinguishable from Plaintiff's case because *Hudson* and *McLaurin* analyzed the need to show harm in the context of excessive force claims, whereas the claim here is for failure to protect.  The Court does not opine on what degree of injury is required to state a claim of excessive force in the Fifth Circuit because that claim is not before the Court.

6

Accordingly, because Plaintiff has failed to bring forward sufficient evidence to establish a required element of a failure to protect claim after notice and an opportunity to be heard, his clams are subject to dismissal.

### C. Conclusion

Accordingly, **IT IS ORDERED** that Plaintiff's Motion Not to Dismiss[37] is **DENIED**.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 56(f)(3), summary judgment is granted in favor of Defendants, Jane Batiste and Channle Veals, and this matter is **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on November 18, 2020.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[37] R. Doc. 70.